J-S39022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEVIN LOFTON | |
| Appellant | No. 2524 EDA 2014 |

Appeal from the Judgment of Sentence July 10, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010925-2009

BEFORE:  BOWES, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 21, 2015**

Kevin Lofton appeals from the judgment of sentence imposed on July 10, 2014, in the Court of Common Pleas of Philadelphia County following a remand for resentencing.  Lofton's original judgment of sentence was imposed on August 15, 2011 following his conviction by jury on charges of second-degree murder, robbery, conspiracy to commit robbery, possession of an instrument of a crime, and carrying firearm without a license.[1] Because Lofton was a juvenile at the time of the commission of the crime, the mandatory life sentence was vacated pursuant to the dictates of ***Miller***

_____

[1] 18 Pa.C.S. §§ 2502(b), 3701(a)(1), 903(a)(1), 907(a), and 6106(a)(1), respectively.

***v. Alabama***, 132 S.Ct. 2455 (2012).[2] A new sentencing hearing was held before the Honorable Benjamin Lerner,[3] who imposed an aggregate term of 45 years to life imprisonment. In this timely appeal, Lofton claims the trial court abused its discretion when, under the totality of the circumstances, it imposed a manifestly excessive sentence. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

The facts regarding the underlying crime are not at issue and are well known to the parties. Therefore, we note only that on the evening of December 25, 2007, Lofton and two cohorts robbed and murdered Andrew Jackson, who had been attending a family holiday party and had gone to his car to retrieve a case of beer. The evidence presented at trial demonstrated that Lofton shot Jackson seven times with a .25 caliber handgun. At the time of the commission of the crime, Lofton was approximately 16.75 years old.

As noted above, Lofton's mandatory sentence of life imprisonment was vacated and, following a sentencing hearing held on July 10, 2014, before Judge Lerner, Lofton received an aggregate term of 45 years to life imprisonment. Lofton now argues that sentence represents an abuse of

---

[2] ***See Commonwealth v. Lofton***, 57 A.3d 1270 (Pa. Super. 2012). Lofton's convictions were upheld, only the sentence was vacated.

[3] The trial judge, the Honorable Caroline Engel Temin, retired prior to the remand.

discretion in that it is manifestly excessive and based upon the sentencing court's improper consideration of only the nature of the crime without properly considering the many mitigating factors presented at the hearing.

Before we address Lofton's claim, because this is a challenge to the discretionary aspects of his sentence, we are first required to review the claim to determine if Lofton has raised a substantial question.

> Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> ***Id***.

***Commonwealth v. Caldwell***, ___ A.3d ___, [2015 PA Super 128, at *2] (Pa. Super. 5/26/2015).

Lofton's appeal is timely and he filed a timely motion for reconsideration of sentence with the court below. He has also included the required Pa.R.A.P. 2119(f) statement in his brief. We must now consider whether his argument that the sentencing court focused only on the nature of the crime, thereby failing to properly consider mitigating factors, which

- 3 -

led to the imposition of a manifestly excessive sentence, raises a substantial question. Pursuant to **Commonwealth v. Samuel**, 103 A.3d 1001 (Pa. Super. 2014) (a claim of an excessive sentence due to failure to consider mitigating factors raises a substantial question) and **Commonwealth v. Boyer**, 856 A.2d 149 (Pa. Super. 2004) (a claim of an excessive sentence due to focusing solely on the nature of the crime raises a substantial question), we find Lofton has raised a substantial question.

Although Lofton has raised a substantial question, our review of the certified record demonstrates his claims are not supported by the facts. The notes of testimony from the July 10, 2014, sentencing hearing demonstrate the hearing was anything but *pro forma*. The sentencing court heard a victim impact statement detailing the hardships visited upon the victim's family as a result of the murder. Lofton's mother testified, detailing the psychological problems her son faced, the difficulties of growing up without a father or strong father-figure, and the trauma Lofton endured having two brothers die at an early age. The sentencing court considered the Commonwealth's sentencing memo, as well as details of Lofton's time spent in both Glen Mills and Vision Quest. The sentencing court reviewed psychological profiles and the pre-sentence report, including the details of Lofton's several prior arrests and adjudications. Finally, the sentencing court heard and considered Lofton's allocution on his own behalf. The trial court explained its reasoning at pages 46 to 54 in the notes of testimony of the sentencing hearing. We refer the parties to those pages to reject Lofton's

allegation that Judge Lerner focused solely on the nature of the crime and ignored mitigating circumstances.

Further, the reality of Judge Lerner's thoughtful consideration of the facts and circumstances surrounding Lofton's crime is set forth in the Pa.R.A.P. 1925(a) opinion, dated November 6, 2014. In that opinion, the sentencing court reiterated the factors considered prior to sentencing Lofton, including:

> [T]he "juvenile's age at the time of the offense, his diminished culpability and capacity for change, the circumstances of the crime, the extent of his participation in the crime, his family, home and neighborhood environment, his emotional maturity and development, the extent that familial and/or peer pressure may have affected him, his past exposure to violence, his drug and alcohol history, his ability to deal with police, his capacity to assist his attorney, his mental health history and his potential for rehabilitation." [**Commonwealth v. Batts**, 66 A.3d 286, 297 (Pa. 2013).]
>
> Here, in order to comply with the requirements of **Miller**, and 18 Pa.C.S. § 1102.1, the Superior Court ordered that appellant be given an individualized sentencing hearing. Defense counsel was instructed to prepare a sentencing presentation for this court's consideration. Defense counsel presented the court with a comprehensive background report that examined appellant's family history, educational and institutional records, medical and mental health history, vocational pursuits, substance abuse history, perceptual experiences, and prison records. Counsel also presented a psychological and mental health evaluation. The Commonwealth also presented its own sentencing memorandum and report.

Pa.R.A.P. 1925(a) opinion, 11/6/2014, at 3-4 (record citations omitted).

The sentencing court further stated:

> The court considered the facts and circumstances of [Lofton's] crime. [Lofton], armed with a .25 caliber semi-automatic pistol,

and two cohorts set out to rob someone. They spotted the decedent, who was getting something from his car, pulled up their hoodies and attempted to rob the decedent. The decedent resisted. After a brief struggle, [Lofton] took out his gun and shot the decedent seven times. The decedent suffered gunshot wounds to the right shin, left thigh (2), lower abdomen, left flank, left side of the back and right side of the back. (See Medical Examiner's Report). The decedent was transported to Temple Hospital, where he was pronounced dead.

The court also considered the testimony and evidence presented at [Lofton's] sentencing hearing, which included victim impact testimony, [Lofton's] disciplinary infractions during his incarceration (as a juvenile and as an adult) and mitigation testimony.

Finally, the court also received and considered mitigation evidence regarding all the age-related factors discussed in *Miller* and *Batts*.

[Lofton] has demonstrated a sustained and serious disregard for the safety and well being of others. He is a violent individual, and his criminal acts of aggression have progressively gotten worse. Despite extensive juvenile supervision and counseling, [Lofton] continued and escalated his criminal activity. He presents an extreme danger to society and does not, in this court's opinion, appear ready or willing to accept responsibility for his actions. Indeed, even during his incarceration in a state correctional facility for this offense, he continued to act violently and inappropriately. These factors clearly outweigh [Lofton's] difficult childhood and his immaturity.

*Id*. at 5-6.

Our review of the certified record demonstrates the sentencing court fulfilled its duty in considering all the proper factors in sentencing Lofton and the 45-year minimum sentence is not an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/21/2015</u>